UNITED STATES DISTRICT COURT FOR THE DISTRICT
OF CHATTANOOGA, TENNESSEE

SAMUEL HRYNCEWIZ,

Plaintiff,

V.                                                    Civil Action

CITY OF JASPER,

and

OFFICER JUSTIN GRAHAM
IN HIS OFFICIAL AND PERSONAL
CAPACITY

and

OFFICER DERRICK LONG
IN HIS OFFICIAL AND PERSONAL
CAPACITY

**COMPLAINT**

### Introduction

This is a civil action arising from the unlawful arrest of Samuel Hryncewiz on August 5, 2023 in Marion County, Tennessee. Defendant members of the Jasper Police Department arrested Samuel Hryncewiz without probable cause, used unreasonable and unnecessary force during the arrest, causing serious and permanent injuries, and denied him medical treatment. The

Defendants are sued for violations of Samuel Hryncewiz rights under the United States Constitution and the common law.

**Jurisdiction and Venue**

1. This Court has jurisdiction to hear the federal civil rights violations in this matter under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3)-(4) and supplemental jurisdiction to hear the common law claims under 28 U.S.C. § 1367.

2. Venue is proper under 28 U.S.C. § 1391 because the acts giving rise to this lawsuit occurred in Marion County, Tennessee.

3. The City of Jasper was given timely notice of this claim by letter to Mayor Jason Turner on September 19, 2023.

**Parties**

4. The Plaintiff, Samuel "Sal" Hryncewiz, at all times relevant has been a resident of Tennessee.

5. The City of Jasper is a municipal corporation with the right to sue and be sued. It is responsible for the policies and procedures of the Jasper Police Department and the police officers it employs.

6. At all times relevant to the Complaint, Justin Graham was a duly sworn and licensed police officer of the Jasper Police Department acting under color of law and within the scope of his employment. He is sued in his official and individual capacity.

7. At all times relevant to the Complaint, Derrick Long was a duly sworn and licensed police officer of the Jasper Police Department acting under color of law and within the scope of his employment. He is sued in his official and individual capacity.

**Facts**

8. On August 5, 2023 the Plaintiff, Samuel Hryncewiz, was sitting in the passenger seat of a motor vehicle, which was pulled over by the Jasper Police Department for allegedly running a stop sign.

9. Officer Derrick Long initially approached the driver side of the vehicle and while Long was waiting to for the driver to find the registration, Long asked Samuel Hryncewiz if he had any ID.

10. Samuel Hryncewiz said, "no why" or something to that effect. Officer Long stated that he wanted to know "who he was dealing with."

11. Samuel Hryncewiz immediately provided Officer Long with his first and last name "Sal Hryncewiz". The windows were open and Officer Justin Graham was standing within a couple of feet from the Passenger door when Samuel Hryncewiz gave the officer his name.

12. Officer Long asked Samuel Hryncewiz if he had any Identification on him and Samuel Hryncewiz responded that he did not. Officer Graham then asked Samuel Hryncewiz if he had anyway of identifying himself. Samuel Hryncewiz provided Officer Justin Graham the name of a Dunlap Police Department and a local attorney as a reference.

13. Officer Graham yelled at Samuel Hryncewiz to get out of the vehicle. Samuel Hryncewiz plead with the officer to say what he had done wrong.

14. Neither officer provided Samuel Hryncewiz an answer on why they wanted him out of the vehicle.

15. Neither officer told Samuel Hryncewiz they wanted him out of the car due to officer safety concerns.

16. Officers opened the passenger's door, attempted to pull Samuel Hryncewiz out of the vehicle.

17. Samuel Hryncewiz begged the officers to stop, and continued to ask, "what have I done wrong"?

18. Instead of providing an explanation to Samuel Hryncewiz, Officer Graham escalated the encounter with Samuel Hryncewiz by trying to physically pull Samuel Hryncewiz out of the vehicle.

19. After he was unsuccessful, Officer Justin Graham further escalated the encounter by spraying Samuel Hryncewiz in the face with OC spray.

20. Officer Justin Graham deployed OC spray on Samuel Hryncewiz for the purpose of inflicting so much pain on Samuel Hryncewiz that Samuel Hryncewiz would get out of the vehicle.

21. After deploying OC spray Officer Justin Graham then punched Samuel Hryncewiz in the face in order to get Samuel Hryncewiz to comply with his demand.

22. After striking Samuel Hryncewiz in the face, Officer Graham further escalated the encounter by deploying his tazer and tazing Samuel Hryncewiz.

23. After deploying his tazer on Samuel Hryncewiz, Officer Justin Graham then violently threw Samuel Hryncewiz face first to the pavement, put his knee in Samuel Hryncewiz' back, as Samuel Hryncewiz tried to defend himself.

24. As Officer Justin Graham and Officer Derrick Long were handcuffing Samuel Hryncewiz from the rear, he was also kneeing his back and twisting his leg, causing a great deal of pain.

25. Samuel Hryncewiz was severely injured as a result of the officers' unreasonable conduct.

26. After the incident the Jasper Chief of Police Billy Mason was complementary of Officer Graham's and Officer Long's actions.

27. Officer Graham and Officer Long's actions and conduct towards Samuel Hryncewiz were consistent with the training they received at the City of Jasper.

## COUNT I

### Fourth Amendment – Unreasonable Seizure – Arrest without Probable Cause

28. The Plaintiff re-alleges Paragraphs 1 through 27 as if separately set forth.

29. Officer Justin Graham lacked reasonable suspicion to stop and frisk and lacked probable cause to arrest Samuel Hryncewiz on charges of disorderly conduct, resisting arrest, and assault on a police officer.

30. The acts of Officer Justin Graham violated the Plaintiff's right to be free from an unreasonable seizure in violation of the Fourth Amendment, enforceable through 42 U.S.C. § 1983.

WHEREFORE, the Plaintiff, Samuel Hryncewiz seeks judgment against Officer Justin Graham, Officer Derrick Long and the City of Jasper in the amount of One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

## COUNT II Fourth Amendment

### Unreasonable Seizure – Excessive Force

31. The Plaintiff re-alleges Paragraphs 1 through 30 as if separately set forth.

32. Officer Justin Graham used objectively unreasonable and excessive force in this detention and arrest of Samuel Hryncewiz.

33. The acts of Officer Justin Graham violated the Plaintiff's right to be free from an unreasonable seizure in violation of the Fourth Amendment, enforceable through 42 U.S.C. § 1983.

WHEREFORE, the Plaintiff, Samuel Hryncewiz seeks judgment against Officer Justin Graham, Officer Derrick Long and the City of Jasper in the amount of One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

### COUNT III Municipal Liability under 42 U.S.C. § 1983

34. The Plaintiff re-alleges Paragraphs 1 through 33 as if separately set forth.

35. The City of Jasper at all relevant times has maintained a policy, custom, or practice that has been the cause, the moving force, behind the violation of citizens' rights. Specifically, this policy, custom, or practice involves:

a. The use of objectively unreasonable and excessive force on detainees and arrestees.

b. Disorderly conduct arrests without probable cause, often only because the arrestee was protesting police conduct.

c. Overcharging arrestees with resisting arrest and assault on a police officer when they were simply being uncooperative.

d. The arrestees receiving serious injuries but the officers not being injured during such encounters.

e. Prosecutors declining to pursue such charges, demonstrating that the charges were meritless. f. The Jasper Police Department not sustaining citizen complaints if it is the word of the complainant against a police officer and only sustaining a complaint if the citizen has corroboration from another person, if at all.

36. The above-described policy, custom, or practice was the direct, proximate cause of Officer Justin Graham, and Officer Derrick Long, violating Samuel Hryncewicz Fourth and Fourteenth Amendment rights, enforceable through 42 U.S.C. § 1983.

    WHEREFORE, the Plaintiff, Samuel Hryncewiz seeks judgment against Officer Justin Graham, Officer Derrick Long and the City of Jasper in the amount of One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

### COUNT VIII Common Law

### False Arrest

37. The Plaintiff re-alleges Paragraphs 1 through 36 as if separately set forth.

38. Officer Justin Graham detained and arrested Samuel Hryncewiz without reasonable suspicion or probable cause.

39. The aforesaid acts of Officer Justin Graham were taken within the scope of his employment by City of Jasper.

40. The unlawful acts of Officer Justin Graham were the direct, proximate cause of Samuel Hryncewiz injuries.

    WHEREFORE, the Plaintiff, Samuel Hryncewiz seeks judgment against Officer Justin Graham, Officer Derrick Long and the City of Jasper in the amount of One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

### COUNT IX Common Law

### Assault and Battery

41. The Plaintiff re-alleges Paragraphs 1 through 40 as if separately set forth.

42. By his words and acts Officer Justin Graham threatened to do bodily harm to Samuel Hryncewiz.

43. By using excessive and unreasonable force, Officer Justin Graham caused harmful or offensive bodily contact with Samuel Hryncewiz.

44. The aforesaid acts were unprivileged.

45. The aforesaid acts of Officer Justin Graham were taken within the scope of his employment by City of Jasper.

46. The unlawful acts of Officer Justin Graham were the direct, proximate cause of Samuel Hryncewiz injuries.

   WHEREFORE, the Plaintiff, Samuel Hryncewiz seeks judgment against Officer Justin Graham, Officer Derrick Long and the City of Jasper in the amount of One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

## COUNT X Common Law

### Intentional Infliction of Emotional Distress

47. The Plaintiff re-alleges Paragraphs 1 through 46 as if separately set forth.

48. The conduct of Officer Justin Graham and Officer Derrick Long, were extreme and outrageous and was intended to cause and did cause Samuel Hryncewiz severe emotional distress.

49. The acts and omissions of Officer Justin Graham, Officer Derrick Long, and [Sergeant Name] were taken within the scope of their employment by City of Jasper.

   WHEREFORE, the Plaintiff, Samuel Hryncewiz seeks judgment against Officer Justin Graham, Officer Derrick Long, and the City of Jasper in the amount of One Million ($1,000,000) dollars compensatory and punitive damages, plus attorney fees and costs.

## COUNT XI Common Law

### Malicious Prosecution

50. The Plaintiff re-alleges Paragraphs 1 through 49 as if separately set forth.

51. Officer Justin Graham, Officer Derrick Long and the City of Jasper initiated charges of disorderly conduct, resisting arrest, and assault on a police officer against Samuel Hryncewiz with malice and without probable cause.

52. Those charges terminated in Samuel Hryncewiz favor.

53. The acts of Officer Justin Graham andOfficer Derrick Long were taken within the scope of his employment by the City of Jasper.

WHEREFORE, the Plaintiff, Samuel Hryncewiz seeks judgment against Officer Justin Graham, Officer Derrick Long and the City of JasperOfficer Justin Graham and the City of Jasper in the amount of One Million ($1,000,000) dollars compensatory and punitive damages, plus attorney fees and costs.

### Jury Trial

The Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

s/ Robert F. Davis
Robert Floyd Davis BPR #030129
Corrisa M. Davis BPR #040245
Davis, Kessler & Davis
433 Cherokee Blvd
Chattanooga, TN 37330
423-267-7000
f) 931-968-0680
robert@daviskessler.com
corissa@daviskessler.com