IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| Sameul Hryncewiz | ) | |
|     Plaintiff | ) ) ) | No. 1-24-cv-263 |
| v. | ) ) | |
| City of Jasper, et al. | ) ) | |
|     Defendants | ) | |

## ANSWER OF THE CITY OF JASPER, JUSTIN GRAHAM AND DERRICK LONG

The defendants, City of Jasper (the "City), Justin Graham, in his individual and official capacities, and Derrick Long, in his individual and official capacities, respond to the allegations in the Complaint and plead as follows:

1. In response to paragraph 1, it is admitted that jurisdiction is proper in this Court. However, Defendants submit that any state law claims should be dismissed without prejudice upon dismissal of the federal claims.

2. The allegations in paragraph 2 are admitted.

3. Paragraph 3 contains a legal conclusion to which no response is required. To the extent a response is required, it is admitted the City received a letter regarding the arrest of the Plaintiff.

4. Defendants are currently without information to admit or deny the allegations in paragraph 4.

5. In response to paragraph 5, it is admitted the City is a municipal corporation and political subdivision of the State of Tennessee.

The remaining allegations in paragraph 5 are legal conclusions to which no response is required.

6. In response to paragraph 6, it is admitted Justin Graham is licensed police officer in the State of Tennessee.

It is admitted that Graham acted in the course and scope of his employment at all material times.

It is denied Graham acted in his individual capacity at any material time. Graham reserves the right to seek attorney's fees pursuant to 42 U.S.C. §1988 and/or T.C.A. §29-20-113 upon dismissal of the individual capacity claims.

7. In response to paragraph 7, it is admitted Derrick Long is licensed police officer in the State of Tennessee.

It is admitted that Long acted in the course and scope of his employment at all material times.

It is denied Long acted in his individual capacity at any material time. Long reserves the right to seek attorney's fees pursuant to 42 U.S.C. §1988 and/or T.C.A. §29-20-113 upon dismissal of the individual capacity claims.

8. In response to paragraph 8, it is admitted that on or about August 5, 2023, the Plaintiff was a passenger in a vehicle that was pulled over by Officer Long for running a stop sign. It would be shown that the driver of the vehicle nearly caused a collision with Officer Long's vehicle due to her failure to stop at a stop sign.

9. The allegations in paragraph 9 are admitted.

10. In response to paragraph 10, it would be shown that after Officer Long stopped the vehicle, he told the driver that he needed the driver's "driver's license, registration and insurance, and also, your passengers ID if he's got one on him."

It would be shown that after a short period of time, Officer Long asked again if the Plaintiff had any identification, and the Plaintiff responded "for what?"

11. In response to paragraph 11, it is admitted that the Plaintiff stated his name, although he never produced any identification.

It is admitted that Officer Graham was standing in the Plaintiff's vicinity when the Plaintiff said his name.

12. In response to paragraph 12, it is admitted that Officer Graham asked the Plaintiff if he had any identification on him, and the Plaintiff responded that he did not.

It is admitted that Officer Graham asked the Plaintiff if he had any way to identify himself, and the Plaintiff referenced the names of two individuals.

13. In response to paragraph 13, it is admitted that Officer Graham eventually asked the Plaintiff to get out of the vehicle.

Defendants deny the characterization that Officer Graham yelled at the Plaintiff.

It would be shown Officer Graham and Officer Long made several other attempts to obtain information sufficient to identify the Plaintiff before the Plaintiff was asked to get out of the car.

It would be shown the Plaintiff refused to get out of the car.

14. The allegations in paragraph 14 are admitted.

To the extent the Plaintiff alleges or infers that Officer Graham or Officer Long were legally required to tell the Plaintiff why they asked him to get out of the car, the same is denied.

It would be shown that prior to the time the Plaintiff was asked to exit the vehicle, Officer Graham and Officer Long observed what appeared to be a semi-automatic rifle in the back seat, and the Plaintiff told officers he had been drinking.

15. The allegations in paragraph 15 are admitted.

To the extent the Plaintiff alleges or infers that Officer Graham or Officer Long were legally required to tell the Plaintiff why they asked him to get out of the car, the same is denied.

It would be shown that prior to the time the Plaintiff was asked to exit the vehicle, Officer Graham and Officer Long observed what appeared to be a semi-automatic rifle in the back seat, and the Plaintiff told officers he had been drinking.

16. In response to paragraph 16, it is admitted that Officer Graham opened the Plaintiff's door. It is admitted at that time, Officer Graham continued to ask the Plaintiff to get out of the vehicle, but the Plaintiff would not comply with verbal commands. It is admitted that Officer Graham and Officer Long then attempted to remove the Plaintiff from the vehicle.

17. In response to paragraph 17, defendants deny the characterization that the Plaintiff "begged."

It is admitted that the Plaintiff continued to refuse verbal commands to exit the vehicle.

It is admitted the Plaintiff asked generally what he had done wrong.

18. The Defendants deny the characterization that Officer Graham escalated the encounter.

It would be shown the Plaintiff Officer Graham and Officer Long attempted to remove the Plaintiff from the vehicle only after the Plaintiff had refused multiple verbal commands.

To the extent the Plaintiff alleges in paragraph 18 that Officer Graham and/or Officer Long were legally required to provide the Plaintiff with an explanation as to why he was being asked to exit the vehicle, the same is denied.

19. The Defendants deny the characterization that Officer Graham escalated the encounter by using pepper spray.

It would be shown the Plaintiff escalated the encounter by failing to abide by lawful commands for identification and lawful commands to exit the car, even after Officer Graham attempted to use hands-on tactics to remove the Plaintiff from the vehicle.

20. In response to paragraph 20, the characterization that Officer Graham used pepper spray "for the purpose of inflicting so much pain" on Plaintiff is denied.

It is admitted Officer Graham used pepper spray. It would be shown Officer Graham used pepper spray because the Plaintiff continued to resist Officer Graham and Officer Long's verbal commands and attempts to remove him from the vehicle.

21. In response to paragraph 21, it would be shown that Officer Graham attempted an open-handed brachial stun, however Officer Graham missed and struck the side of the Plaintiff's face.

22. The Defendants deny the characterization that Officer Graham escalated the encounter by using a taser.

It is admitted Officer Graham tased the Plaintiff. It would be shown Officer Graham used a taser because the Plaintiff continued to resist after the use of verbal commands, hands-on techniques and pepper spray.

23. The allegations in paragraph 23 are denied.

24. The allegations in paragraph 24 are denied.

25. In response to paragraph 25, Defendants are currently without sufficient information to admit or deny the nature and extent of the Plaintiff's alleged injuries. Accordingly, proof is demanded.

It is denied the conduct of Officer Long and/or Officer Graham was unreasonable.

26. In response to paragraph 26, it is admitted that Chief Billy Mason publicly stated that neither Officer Long or Officer Graham were guilty of wrong-doing in connection with the incident that involved the Plaintiff.

27. The allegations in paragraph 27 are admitted.

To the extent the Plaintiff in paragraph 27 alleges or infers that the actions of Graham and/or Long were unlawful, or that the City maintained any unlawful policy, procedure or custom, the same is denied.

28. No response to paragraph 28 is required.

29. The allegations in paragraph 29 are denied.

It would be shown the Marion County Grand Jury indicted the Plaintiff on charges of assault, resisting stop, hault frisk and arrest, and providing a false identity in connection with this incident.

30. The allegations in paragraph 30 are denied.

It is denied the Plaintiff is entitled to the relief requested in sentence of paragraph 30 beginning "WHEREFORE." It is specifically denied that the City is liable for punitive damages.

31. No response to paragraph 31 is required.

32. The allegations in paragraph 32 are denied.

33. The allegations in paragraph 33 are denied.

It is denied the Plaintiff is entitled to the relief requested in sentence of paragraph 31 beginning "WHEREFORE." It is specifically denied that the City is liable for punitive damages.

34. No response to paragraph 34 is required.

35. The allegations in paragraph 35 and all sub-paragraphs therein are denied.

36. The allegations in paragraph 36 are denied.

It is denied the Plaintiff is entitled to the relief requested in sentence of paragraph 36 beginning "WHEREFORE." It is specifically denied that the City is liable for punitive damages.

37. No response to paragraph 37 is required.

38. The allegations in paragraph 38 are denied.

39. In response to paragraph 39, it is admitted that Officer Graham acted, at all material times, in the course and scope of his employment.

It is denied Officer Graham's actions were unlawful.

40. The allegations in paragraph 40 are denied.

It is denied the Plaintiff is entitled to the relief requested in sentence of paragraph 40 beginning "WHEREFORE." It is specifically denied that the City is liable for punitive damages.

41. No response to paragraph 41 is required.

42. The allegations in paragraph 42 are denied.

43. The allegations in paragraph 43 are denied.

44. The allegations in paragraph 44 are denied.

45. In response to paragraph 45, it is admitted that Officer Graham acted, at all material times, in the course and scope of his employment.

It is denied Officer Graham's actions were unlawful.

46. The allegations in paragraph 46 are denied.

It is denied the Plaintiff is entitled to the relief requested in sentence of paragraph 46 beginning "WHEREFORE." It is specifically denied that the City is liable for punitive damages.

47. No response to paragraph 47 is required.

48. The allegations in paragraph 48 are denied.

49. In response to paragraph 49, it is admitted that Officer Graham and Officer Long acted, at all material times, in the course and scope of their employment.

It is denied Officer Graham and Officer Long's actions were unlawful.

It is denied the Plaintiff is entitled to the relief requested in sentence of paragraph 49 beginning "WHEREFORE." It is specifically denied that the City is liable for punitive damages.

50. No response to paragraph 50 is required.

51. In response to paragraph 51, it is admitted the Plaintiff was charged with disorderly conduct, resisting arrest and assault on police.

The remaining allegations in paragraph 51 are denied.

52. The allegations in paragraph 52 are denied.

53. In response to paragraph 53, it is admitted that Officer Graham and Officer Long acted, at all material times, in the course and scope of their employment.

It is denied Officer Graham and Officer Long's actions were unlawful.

It is denied the Plaintiff is entitled to the relief requested in sentence of paragraph 53 beginning "WHEREFORE." It is specifically denied that the City is liable for punitive damages.

54. The Complaint fails to state a claim upon which relief may be granted.

55. Defendants rely upon the terms, limitations, defenses and immunities contained in the Tennessee Governmental Tort Liability Act, T.C.A. §29-20-101 *et seq*.

56. The City is entitled to sovereign/common law immunity.

57. Officer Graham and Officer Long are entitled to qualified immunity.

58. Defendants aver the Plaintiff is collaterally estopped from asserting his arrest and prosecution were without probable cause.

59. The City avers Plaintiff is not entitled to recover punitive damages.

60. The City avers its policies, procedures and customs were lawful and constitutional.

61. The City avers it was not guilty of deliberate indifference.

62. Defendants aver that if the federal claims are dismissed, the Plaintiff is collaterally estopped from asserting the state law claims.

63. Graham and Long aver the Complaint fails to state a claim against them in their official capacities as those claims are duplicative of claims against the City.

64. The City, Graham and Long reserve the right to seek leave of Court to amend this Answer to plead more specifically pending discovery.

65. All allegations, contentions and conclusions in the Complaint which have not been admitted, explained or denied are here and now denied as though specifically denied.

66. A jury is demanded.

ROBINSON, SMITH & WELLS, PLLC

By: *s/ Philip Aaron Wells*
Ronald D. Wells, BPR# 011185
Philip Aaron Wells, BPR# 036248
Suite 700, Republic Centre
633 Chestnut Street
Chattanooga, TN 37450
Telephone: (423) 756-5051
Facsimile: (423) 266-0474
rwells@rswlaw.com
awells@rswlaw.com
*Attorney for Defendants, City of Jasper, Justin Graham and Derrick Long*

# CERTIFICATE OF SERVICE

       I hereby certify that on the 29th day of August, 2024, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's electronic filing system.

       Robinson, Smith & Wells, PLLC

       By: *s/* Philip Aaron Wells

cc:    Robert Floyd Davis
       Corrissa M. Davis
       Davis, Kessler & Davis
       433 Cherokee Blvd.
       Chattanooga, TN 37405
       (423) 267-7000