# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| Sameul Hryncewiz | ) |
|       Plaintiff | ) |
| | ) No. 1:24-cv-263 |
| v. | ) |
| City of Jasper, et al. | ) |
|       Defendants | ) |

## DEFENDANTS' REPLY IN FURTHER SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT

The Defendants, City of Jasper (the "City"), Justin Graham and Derrick Long, submit this reply to Plaintiff's opposition to Defendants' motion for summary judgment (Doc. 28). In further support of their motion for summary judgment, Defendants allege as follows:

**1. There is no dispute of material fact that the Plaintiff actively resisted lawful commands to exit the vehicle.**

In his response, the Plaintiff does not dispute the fact that he actively resisted Long and Graham's attempts to effect the lawful verbal command to exit the vehicle. Thereby, the Plaintiff cannot show the use of force against violated any clearly established law. Accordingly, the Plaintiff's excessive force claims are due to be dismissed.

**2. The Plaintiff has abandoned his claims for false arrest.**

Put plainly, by failing to address the Defendants' arguments regarding his false arrest claim, the Plaintiff has abandoned those claims. "While non-movants can lose at summary judgment by trying - but failing - to carry their burden as to a given claim, they can also 'abandon' a claim by failing to try at all. That is, the Sixth Circuit has held that non-movants abandon their claims by

failing to respond to the arguments that the movant presents in its motion for summary judgment." Castellini v. Skyline Chili, LLC, 2025 U.S. Dist. LEXIS 45895, at *9 (S.D. Ohio March 13, 2025) (citing Brown v. VHS of Mich., Inc., 545 F.App'x 368, 371-72 (6th Cir. 2013)).

Here, the Plaintiff failed to respond to any of the arguments regrading the false arrest claims. Moreover, as alleged in the Defendant's principal brief, there is no evidence to support those claims. Rather, the undisputed evidence demonstrate Plaintiff's arrest was supported by probable cause, and that the Plaintiff was subsequently indicted for those charges by the Marion County Grand Jury.

**3. No clearly established law provides a strike to the face constitutes deadly force.**

Though the Plaintiff cites his own expert's opinion as to the nature of the strike to the Plaintiff's face, the Plaintiff points to no clearly established law that provides a single strike to the face amounts to deadly force. In contrast to the Plaintiff's argument, in Guptill v. City of Chattanooga, 2024 U.S. Dist. LEXIS 16171, at *22-23 (E.D. Tenn. Jan. 30, 2024), this Court ruled that a subject's right to not be struck in the head by a law enforcement officer in an attempt to restrain that individual was not clearly established.

The defendants submit that a single strike to the Plaintiff's head/face is not force that is reasonably expected to cause death or serious bodily injury. Rather, a strike to the Plaintiff's face is more properly categorized as "hard hand control," as defined by the City's use of force policy. See Doc. 24-4, PageID #88; Doc. 24-8, PageID #133-136.

There is no genuine dispute of material fact as to whether the strike to the Plaintiff's face amounted to deadly force, nor are there facts in dispute which demonstrate Graham or Long violated any of the Plaintiff's clearly established rights. Therefore, the Plaintiff's §1983 excessive force claims under the Fourth Amendment are due to be dismissed.

### 4. There is no evidence to support a §1983 claim against the City.

In support of his §1983 claim against the City, the Plaintiff appears to allege that the City's alleged lack of written policies is evidence of deliberate indifference. The Plaintiff also seems to allege the City is liable based upon a failure to train or supervise theory.\.

However, there are absolutely no facts in the Complaint which plausibly allege the City failed to train and/or supervise its officers, much less are there allegations that such alleged failure was the moving force behind the Plaintiff's injuries. Likewise, there are no allegations in the Complaint that demonstrate the City was deliberately indifferent to the unlawful use of force during the course of an arrest. Even if these allegations were pled in the Complaint, there is no evidence that the City was aware of yet ignored any prior instances where Long, Graham or any other officer allegedly used excessive force. Likewise, there is no evidence in the record that demonstrates the City did not adequately train Long and/or Graham. Rather, in fact, Chief Mason testified officers do receive training in de-escalation techniques and scenario-based training on handling intoxicated individuals through the police academy and during yearly in-service training. Ex. 11[1] - Excerpts from the Depo. of Billy Mason, p. 23:7-9; 27:20 - 28:6.

Second, with respect to the supervision of officers, Chief Mason testified that he reviews every complaint that the City receives regarding its officers and hands out discipline based on those investigations, if warranted. Ex. 11 - Excerpts from the Depo. of Billy Mason, p. 11:21- 12:16. Furthermore, the Plaintiff cites no legal authority that requires officers to explain commands to subjects or to warn individuals before force is used.

Simply put, there are no allegations nor is there any evidence to support a claim against the

---

[1] Excerpts from the deposition of Billy Mason have been marked as the next numbered exhibit to Defendant's motion for summary judgment.

City under §1983. Therefore, the City submits those claims are due to be dismissed.

## CONCLUSION

For these reasons, and for those stated in Defendants' principal brief, Defendants respectfully submit they are entitled to summary judgment with respect to each and every claim asserted in the Complaint.

        Respectfully submitted,

        ROBINSON, SMITH & WELLS, LLC
        Suite 700, Republic Centre
        633 Chestnut Street
        Chattanooga, TN   37450
        Telephone:   (423) 756-5051
        Facsimile:   (423) 266-0474

By:    *Philip Aaron Wells*
        Philip Aaron Wells, BPR #036248
        awells@rswlaw.com

CERTIFICATE OF SERVICE

  I hereby certify that on the 6th day of August 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

              Robinson, Smith & Wells, PLLC

              By: /s/ Philip Aaron Wells

cc: Robert Floyd Davis, BPR# 030129
   Davis, Kessler & Davis
   433 Cherokee Blvd
   Chattanooga, TN 37330
   robert@daviskessler.com