UNITED STATES DISTRICT COURT FOR THE DISTRICT
OF CHATTANOOGA, TENNESSEE

SAMUEL HRYNCEWIZ,

 Plaintiff,

V.                                                                                    Civil Action 1-24-cv-263

CITY OF JASPER,
 and
OFFICER JUSTIN GRAHAM
IN HIS OFFICIAL AND PERSONAL
CAPACITY
 and
 OFFICER DERRICK LONG
 IN HIS OFFICIAL AND PERSONAL
 CAPACITY

   Defendants

---

### PLAINTIFF'S PROPOSED JURY INTRUCTIONS

---

Comes now the Plaintiff, by and through, counsel, after meeting and conferring with opposing counsel, and submits the following proposed jury instructions:

## 42 U.S.C. § 1983: Failure to Intervene

Plaintiff claims that Defendants, Officer Graham and Officer Long, violated his constitutional rights by failing to intervene to prevent the use of excessive force by another law enforcement officer.

A law enforcement officer has a duty to intervene to prevent another officer from violating a person's constitutional rights when the officer observes or has reason to know that such a violation is occurring and has a reasonable opportunity to prevent it.

To prevail on this claim, Plaintiff must prove by a preponderance of the evidence the following elements:

First: That another law enforcement officer used excessive force against Plaintiff in violation of the Fourth Amendment;

Second: That Defendant, Officer Long, knew or reasonably should have known that excessive force was being used;

Third: That Defendant, Officer Long, had a reasonable opportunity to prevent or stop the use of excessive force; and

Fourth: That Defendant, Officer Long, failed to take reasonable steps to intervene, and Plaintiff was injured as a result.

Whether an officer had a reasonable opportunity to intervene depends on all the circumstances, including the duration of the force used, the proximity of the officer to the incident, and whether the officer was in a position to perceive and prevent the harm.

Citation:

Goodwin v. City of Painesville, 781 F.3d 314, 329 (6th Cir. 2015).

Estate of Booker v. Gomez, 745 F.3d 405, 422 (10th Cir. 2014).

Stevenson v. City of Seat Pleasant, Md., 743 F.3d 411, 416–17 (4th Cir. 2014).

Chapter 13: Individual, Supervisory, and Municipal Liability, II.D. Failure to Intervene.

## 42 U.S.C. § 1983: Policy or Custom Requirement for Municipal Liability Based on Pervasive Misconduct

Plaintiff also brings claims against Defendant City of Jasper, Tennessee.

A municipality may not be held liable under Section 1983 solely because it employs a person who violated someone's constitutional rights. In other words, a municipality is not automatically responsible for the actions of its employees.

To establish municipal liability, Plaintiff must prove by a preponderance of the evidence the following elements:

First: That Plaintiff's constitutional rights were violated by an employee of the City of Jasper acting under color of state law;

Second: That the City of Jasper had an official policy or custom; and

Third: That the policy or custom was the moving force behind the violation of Plaintiff's constitutional rights.

An official policy or custom may include a formally adopted policy, a decision by an official with final policymaking authority, or a widespread and persistent practice that is so permanent and well settled that it constitutes a custom with the force of law.

Plaintiff may also attempt to prove municipal liability by showing that the City failed to adequately train, supervise, or discipline its officers. To succeed on such a claim, Plaintiff must prove that the failure amounted to deliberate indifference to the constitutional rights of persons with whom police officers come into contact, and that the failure directly caused the violation in this case.

Negligence alone is not sufficient to establish municipal liability.

Citation:
Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690–95 (1978).
Connick v. Thompson, 131 S. Ct. 1350, 1359 (2011).

Bd. of Cnty. Comm'rs v. Brown, 520 U.S. 397, 404 (1997).

Jones v. Town of East Haven, 691 F.3d 72, 82 (2d Cir. 2012).

Thomas v. Cook Cnty. Sheriff's Dep't, 604 F.3d 293, 304 (7th Cir. 2010).

Hunter v. District of Columbia, 824 F. Supp. 2d 125, 132–37 (D.D.C. 2011).

Huthnance v. District of Columbia, 793 F. Supp. 2d 183, 200 (D.D.C. 2011).

Chapter 13: Individual, Supervisory, and Municipal Liability, IV.G.

## 42 U.S.C. § 1983: Punitive Damages against Individuals

If you find in favor of Plaintiff on his federal claims against an individual defendant, you may, but are not required to, award punitive damages against that individual defendant.

Punitive damages may be awarded only if Plaintiff proves by a preponderance of the evidence that the defendant's conduct was motivated by evil motive or intent, or involved reckless or callous indifference to Plaintiff's federally protected rights.

Punitive damages are not intended to compensate Plaintiff. Instead, they are intended to punish the defendant and to deter similar conduct in the future.

You may not award punitive damages against the City of Jasper, Tennessee.

Citation:

Smith v. Wade, 461 U.S. 30, 56 (1983).

BMW of N. Am., Inc. v. Gore, 517 U.S. 559 (1996).

DiSorbo v. Hoy, 343 F.3d 172, 188 (2d Cir. 2003).

Payne v. Jones, 711 F.3d 85, 106 (2d Cir. 2012).

Dormu v. District of Columbia, 795 F. Supp. 2d 7, 34 (D.D.C. 2011).

Mendez v. County of San Bernardino, 540 F.3d 1109, 1122–23 (9th Cir. 2008).

Chapter 17: Damages and Other Relief, II.E–G.